# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SLEP-TONE ENTERTAINMENT
CORPORATION,

      **Plaintiff,**

**v.**                                 **Case No. 8:11-cv-2093-T-30EAJ**

TWO JOE'S INC., et al.,

      **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Marion Dube, Inc.'s Motion for Summary Judgment (Dkt. 15) and Plaintiff's Memorandum of Law in Opposition (Dkt. 18). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Slep-Tone Entertainment Corporation ("Slep-Tone") manufactures karaoke accompaniment tracks on compact discs, which are used during karaoke shows for participants to sing along with. Slep-Tone is the owner of U.S. Trademark Registration No. 1,923,448 for the trademark Sound Choice. Slep-Tone is also the owner of U.S. Trademark Registration No. 2,000,725 for a display trademark for Sound Choice.

The complaint alleges, among other things, that Defendant Marion Dube, Inc. ("MDI") "operates an eating and drinking establishment know as 'The Little Pub' at which

karaoke entertainment is provided." The complaint further alleges that MDI "has contracted with one or more karaoke providers to perform karaoke shows at its 'The Little Pub' establishment on numerous occasions." And as part of those karaoke shows, the Sound Choice Marks were and are repeatedly displayed without license or right to do so, through the use of unauthorized counterfeit goods bearing the Sound Choice Marks.

The complaint asserts causes of action against numerous defendants, including MDI, for federal trademark infringement, federal unfair competition, and deceptive and unfair trade practices under Florida law.

MDI now moves for summary judgment in response to the filing of the complaint and relies solely on the affidavit of Marion Dube, MDI's President, in support of its motion. According to Dube's affidavit, on Friday and Saturday nights, The Little Pub hosts a karaoke night. The Little Pub hires karaoke jockeys to come to the bar and host the karaoke night. The karaoke jockeys provide their own equipment, as well as their own music. The Little Pub and the karaoke jockeys do not execute a contract. Dube further states that The Little Pub does not have any control over the karaoke jockeys' equipment and that no one working for The Little Pub would be able to recognize whether a karaoke jockey was using lawful or infringing material. Dube also states that the karaoke jockeys are independent contractors.

In response, Slep-Tone does not dispute that the karaoke jockeys are independent contractors. However, Slep-Tone argues that there are genuine issues of material disputed facts related to MDI's ability to control the karaoke jockeys' activities. Slep-Tone also points out, through the declaration of Michelle Harrington, that it placed MDI on notice of

the infringement by its karaoke providers and MDI subsequently did not take any steps to prohibit its karaoke providers from engaging in infringement of Slep-Tone's trademarks.

Upon consideration of the record evidence, the Court concludes that there are genuine issues of material disputed facts that prevent summary judgment in MDI's favor.

## STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that

there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

To prevail on a contributory trademark infringement claim, a plaintiff must show that the defendant "intentionally induces another to infringe a trademark, or [ ] continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement...." *Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 854, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982).

Vicarious liability for trademark infringement "requires a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *RGS Labs Intern., Inc. v. The Sherwin-Williams Co.*, 2010 WL 317778, at *3 (S.D.

Fla. Jan. 11, 2010) (*citing Hard Rock Café Licensing Corp. v. Concession Servs., Inc.,* 955 F.2d 1143, 1150 (7th Cir. 1992)).

The sole basis for MDI's seven-page summary judgment motion is that the karaoke jockeys are independent contractors. Oddly, MDI relies exclusively upon Florida law to make the argument that the karaoke jockeys are independent contractors. And, without citing to any additional authority, MDI appears to assume that the karaoke jockeys' independent contractor status automatically releases it from any liability related to the karaoke jockeys' actions.

MDI's assumption is without merit. Indeed, as Slep-Tone points out, the analysis of whether MDI is liable for trademark infringement, unfair competition, and deceptive and unfair trade practices does not end with a finding that MDI's karaoke jockeys are independent contractors. In other words, regardless of whether the karaoke jockeys are independent contractors, a finder of fact could determine that MDI had the ability to control whether their karaoke providers were performing using lawful, properly licensed accompaniment tracks. Notably, Slep-Tone's declaration presents evidence that MDI was aware of the infringing activity on the part of its karaoke jockeys and chose to continue to allow the infringement to occur in its establishment.

Accordingly, there are genuine issues of material facts that prevent the entry of summary judgment in MDI's favor.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendant Marion Dube, Inc.'s Motion for Summary Judgment (Dkt. 15) is DENIED.

2.     Defendant Marion Dube, Inc. shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on December 7, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2011\11-cv-2093.msj15.frm